FILED
2014 Sep-12 PM 03:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE ) <br> COMPANY OF AMERICA, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NATHAN BEAN, ET AL., ) <br> ) <br> ) <br> Defendants. ) | CIVIL ACTION NO.: <br> 4:12-cv-03441-KOB |

**MEMORANDUM OPINION**

This matter is before the court on the parties' "Joint Motion for Approval of Pro Ami Settlement" (Doc. 39) and the *guardian ad litem's* "Motion for Attorney's Fees." (Doc 42). The court held a hearing on the motion on September 3, 2014; as a result of the parties' submissions and the hearing, the court finds that the parties' settlement is in the best interest of E.B., a minor child. Further, the court finds that the *guardian ad litem's* fees and expenses are reasonable.

Thus, the court **APPROVES** the parties' settlement and **GRANTS** the parties' "Joint Motion for Approval of Pro Ami Settlement." (Doc. 39). The court **GRANTS** the *guardian ad litem's* "Motion for Attorney Fees." (Doc. 42). The court **DIRECTS** the clerk to disburse the funds held by the court in the manner outlined below and to then close this case.

**I.     Settlement Approval**

This settlement stems from a dispute over the $178,500.00 in life insurance proceeds of Doris Bean. Defendant Nathan Bean received a portion of the life insurance proceeds. A dispute then arose over the proper beneficiary. Plaintiff The Prudential Insurance Company of America deposited the remaining life insurance proceeds with the court. Bean also paid into the court

$35.000.00, representing the unspent remainder of the insurance benefits he received. Ultimately, the parties agreed that Nathan Bean and Defendant E.B., a minor child, should each receive fifty percent of the total life insurance proceeds. Because E.B. is a minor child, the parties asked the court to approve their settlement.

The court appointed a *guardian ad litem* to represent the interest of E.B. (Doc. 7). The *guardian ad litem* issued a report that concluded that the settlement is in the best interest of E.B. (Doc. 41, 4). The court reviewed the parties' motion for settlement approval. (Doc. 39). The court held a hearing on Wednesday, September 3, 2014 to determine whether the settlement was in the best interest of E.B. At the hearing, the court heard evidence that the settlement was in the best interest of E.B. because E.B. would receive fifty percent of the settlement proceeds in line with the wishes of Doris Bean. The court finds that this settlement is in the best interest of E.B.

Subsequent to the hearing, the court reviewed the *guardian ad litem's* motion for attorney's fees and expenses. (Doc. 42). The court finds that all attorney's fees and expenses charged were reasonable, and approves $2,339.34 as fees and expenses to be paid from E.B.'s portion of the settlement.

In summary, the court finds that this settlement is in the best interest of E.B. Funds held by the court will be disbursed in the following manner:

1. the sum of $35,000 (plus accrued interest and less fifty percent of all court costs) will be paid to Nathan Bean and his attorney as fifty percent beneficiary; and

2. the sum of $98,369.26 (plus accrued interest and less fifty percent of all court costs and less the *guardian ad litem's* fees and expenses of $2,339.34) will be paid to the Emma Grace Bean Testamentary Trust as fifty percent beneficiary.

## II.     Conclusion

In summary, the court finds that the parties' settlement is in the best interest of E.B., a minor child. Further, the court finds that the *guardian ad litem's* fees and expenses are reasonable. Thus, the court **APPROVES** the parties' settlement and **GRANTS** the parties' "Joint Motion for Approval of Pro Ami Settlement." (Doc. 39). The court **GRANTS** the *guardian ad litem's* "Motion for Attorney Fees." (Doc. 42). The court **DIRECTS** the clerk to disburse the funds held by the court in the manner outlined above and to then close this case.

DONE and ORDERED this 12th day of September, 2014.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE